UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-619

| | |
|---|---|
| WEDNESDAY FAIR, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES POSTAL SERVICE )<br>et al., )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Defendant's Motion to Dismiss (Doc No. 6) Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (4), (5), (6) and 12(h) for lack of subject matter jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. Because Plaintiff appears *pro se*, the Court issued a Roseboro notice (Doc. No. 7) advising Plaintiff of her right to respond to Defendant's Motion to Dismiss on or before June 5, 2013. Plaintiff responded in timely manner (Doc. No. 8). For the reasons stated below, Defendant's Motion is GRANTED.

**I.  BACKGROUND**

Plaintiff, who appears *pro se*, filed the instant Complaint on September 16, 2012, in this Court alleging wrongful termination by the United States Postal Service ("USPS") and misrepresentation by her attorney in a separate EEOC case. (Doc. No. 1 at 3.) The Complaint lists four defendants: the United States Postal Service ("USPS"), Humphrey Cummings, Administrative Judge M.J. Clay, and R. Frost Branon. (Id. at 1.)

On June 26, 2009, Plaintiff filed an Equal Employment Opportunity ("EEO") Complaint

1

of Discrimination against her former employer, the USPS, alleging sexual harassment and discrimination. (Doc No. 6, Exh. A.) Plaintiff hired Defendant Cummings to represent her during her EEO proceedings, and Defendant Branon represented the USPS. (Id., Exh. B.) Defendant J.M Clay, an Administrative Judge, oversaw Plaintiff's claim before the EEOC. (Id.)

On July 6, 2012, Plaintiff accepted a settlement offer in her EEO case. (Id.) The material terms of the agreement provided that "the Complainant will be allowed to resign in lieu of termination and that all discipline will be removed." (Id.) In addition, "[i]n exchange for the terms outlined above, Complainant agreed to withdraw her EEO complaint(s) and not pursue these claims in any other forum." (Id.)

At the conclusion of the EEO hearing, Admin. Judge Clay stated: "Now this case is officially settled as of right now, as of today. So it's not, oh, I went home, changed my mind . . . . The actual document, settlement agreement document is just a formalization of the settlement . . . . [T]he settlement is deemed in place at this point." (Id., Exh. C.) However, on or about June 28, 2012, Plaintiff refused to sign a copy of the Settlement Agreement and General Release, claiming that she had "changed her mind and no longer agreed to the terms . . . ." (Id., Exh. B.)

Subsequently, Plaintiff filed this Complaint alleging that the USPS wrongfully terminated her employment by not "abid[ing] by the rules and regulations of the law and by FMLA rules. They falsely fired me . . . and deprived me of my rights." (Doc. No. 1 at 3.) She further contends that Defendant Cummings, while representing her on her EEOC charge, misrepresented her and treated her unfairly by failing to "wholeheartedly, faithfully, [and] diligently work in good faith" on her behalf. (Doc. No. 1 at 3.) Plaintiff also alleges that she was "misrepresented and unfairly treated" by Defendants Clay and Branon, and that they "pressured" her into settling

her EEOC claim "for something [she] did not want." (Id. at 2-3.) On October 11, 2012, this Court dismissed Plaintiff's claims against Defendants Cummings and Clay due to lack of subject matter jurisdiction. (Doc. No. 3 at 2.)

## II.     ANALYSIS

"Although Plaintiff's Complaint is not entirely clear, due to [her] pro se status, it must be read generously." Keene v. Thompson, 232 F. Supp. 2d 574, 578 (M.D.N.C. 2002). Plaintiff appears to state three claims. She specifically alleges a wrongful termination claim against the USPS and what appears to be a legal malpractice claim against Cummings. Construed broadly, Plaintiff also appears to allege a legal malpractice claim against Branon. Because the Court already dismissed Cummings from this lawsuit, the Court will only address Plaintiff's claims against the USPS and Branon.

**A. Wrongful Discharge Claim Against the USPS**

   **1. Improper Party**

"[T]he only proper Defendant in a [Title VII] action brought by a federal employee is the head of the agency." Id. at 581; See also Ellis v. U.S. Postal Service, 784 F.2d 835, 838 (7th Cir. 1986) ("[I]n a Title VII action alleging discrimination in the Postal Service, the only proper defendant is the head of the agency—the Postmaster General."). Therefore, the proper party in this action is the Postmaster General, not the USPS. However, as fully explained below, even if the Court granted Plaintiff leave to amend her Complaint to substitute the Postmaster General as the proper defendant, Plaintiff's Complaint would still be dismissed because this Court lacks subject matter jurisdiction over the claim.

   **2. Subject Matter Jurisdiction**

### a. Standard of Review

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss a complaint if it lacks subject matter jurisdiction. The plaintiff has the burden of demonstrating subject matter jurisdiction. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a challenge to subject matter jurisdiction, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. Unlike in a 12(b)(6) motion, "where there is a presumption reserving the truth finding roles to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

### b. Failure to Exhaust Administrative Remedies

The Court lacks subject matter jurisdiction over Plaintiff's wrongful termination claim because Plaintiff failed to exhaust her administrative remedies. "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Marsh v. CBD Media Corp., WL 3151946, at *3 (W.D.N.C. Sept. 24, 2009) (quoting Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009)). "Title VII claims may only be brought in federal court after the EEOC has investigated the claim, made a determination as to the claim's merit, and issued a right-to-sue notice." Davis v. North Carolina Dept. of Correction, 48 F.3d 134, 138 (4th Cir. 1995) (citing 42 U.S.C. § 2000e-5(b)). The Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint. Id. at 140 (citing United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979)).

4

Here, Plaintiff has completely failed to demonstrate that she exhausted administrative remedies. She filed her Complaint with the EEOC on June 26, 2009; the parties resolved the issue with a settlement agreement before a judge on June 27, 2012; and Plaintiff filed the instant Complaint on September 18, 2012. Plaintiff has failed to show that she was issued, or entitled to, a right-to-sue letter. Moreover, in light of the settlement agreement, Plaintiff has failed to even show any reviewable, final decision from the EEOC. Accordingly, to the extent that Plaintiff's Complaint alleges a wrongful termination claim against the USPS, Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction.

Additionally, in her response to Defendant's Motion to Dismiss, Plaintiff "ask[s] for a continued case." To the extent that Plaintiff asks for a stay while she exhausts administrative remedies, that request is denied.

### 3. Failure to State a Claim under 12(b)(6)

#### a. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint "must provide enough facts to state a claim to relief that is plausible on its face." Robinson v. Am. Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The court must "accept as true all well-pleaded allegations" and "construe the factual allegations in the light most favorable to the plaintiff." Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994) (citing Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

However, the Court is "not so bound by the plaintiff's legal conclusions, since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." Id. While a plaintiff alleging employment discrimination need not "plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (quoting Twombly, 550 U.S. at 555 (2007)). Furthermore, documents filed by a pro se party must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### b. Breach of Plaintiff's Settlement Agreement

This Court agrees with the Government that Plaintiff's EEO complaint should not be reinstated because Plaintiff fails to allege or plausibly state a claim for breach of her settlement agreement and fails to show how this court would have jurisdiction over such a claim. See Frahm v. United States, 492 F.3d 258, 262 (4th Cir. 2007) ("Because neither the settlement agreement nor a statute allow [plaintiff] to sue the government for breach of the settlement agreement, her action was properly dismissed."). EEO regulations authorize reinstatement of a complaint only when a settlement agreement has been breached. 29 C.F.R. § 1614.504(a). Plaintiff's Complaint is completely devoid of any allegations that the USPS or the Postmaster General breached the settlement agreement. Therefore, to the extent that Plaintiff's Complaint seeks to have her original EEO action reinstated, the Court dismisses that claim without prejudice for failure to state a claim for relief.

### B. Failure to State a Claim for Legal Malpractice Against Branon

The Court has already explained the 12(b)(6) standard of review applicable to this portion

of Defendant's Motion to Dismiss. The Court has reviewed the allegations pertaining to Defendant Branon and finds that Plaintiff has failed to state any cognizable claim against him. Plaintiff alleges in her Complaint that Branon misrepresented her and treated her unfairly during her EEO action and settlement negotiations; however, there is no plausible claim against Branon because Plaintiff has not set forth any plausible allegation to show that Branon, as opposing counsel in her EEO action, owed any duty to Plaintiff. Accordingly, to the extent that Plaintiff alleges a claim for legal malpractice against Branon, Plaintiff's Complaint fails to state a claim upon which relief can be granted and is dismissed pursuant to Rule 12(b)(6).

### III. CONCLUSION

For the reasons stated above, Plaintiff's Complaint fails for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Because dismissal is appropriate under Rules 12(b)(1) and 12(b)(6), Defendant's 12(b)(4) and (5) arguments are moot, and this Court does not need to address them.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 6) is GRANTED, and Plaintiff's Complaint is DISMISSED without prejudice.

IT IS SO ORDERED.

Signed: July 9, 2013

_____
Frank D. Whitney
Chief United States District Judge